Mr. Justice Johnson
delivered the opinion of the Court.
The grounds of the present motion embrace an extensive range of objections, relating to the incompetency of a majority of the managers to decide on the grounds of the protest, and the incorrectness of their decision. But it is objected, on the part of the defendant, that whateyer may be th‘e merits of this motion, it cannot be investigated in this form of proceeding ; as an information in nature of a quo warranto, it is insisted, will not lie at the suit of an individual, but must be carried on in the name, by the officer sffid under the authority of the state j and the Court being *36 of ibis opinion, it is not necessary to notice the grounds oí the present motion. For every wrong and injury the law furnishes a final and efficient remedy, corresponding with its nature, and enormity 5 and in order to judge of the fitness oi the remedy, it will first be necessary to fix, with preci - sion, the nature and character of such wrong or injury.— The relator, in this case, alleges that the defendant has • been commissioned, and now exercises and enjoys the office of sheriff of Charleston district, without having been duly elected according to the laws of the state; or in other words, it is an allegation that he has usurped that office.— If this be a wrong done to the relator, in his individual capacity, he has in this, or some other form, a remedy ; but if it be a wrong done, or .an offence against the whole community, it belongs to them and not to an individual to redress it. And the remedy pointed out must be pursued; for if one individual has a remedy for a wrong, committed againstthe community, oti account of the interest which he has in it, so may each member of it. Judge Blackstons^ in his Commentary on the laws of England, (vol. 4, p. 5,) remarks, that “ the distinction of public wrongs from private, of crimes and misdemeanors from civil injuries, seems principally to consist in this : — That private wrongs or civil injuries, are an infringement or privation of civil rights, which belong to individuals, considered merely as individuals: Public wrongs, or crimes- and misdemeanors, are a breach and violation of public rights and duties to the whole community, considered as a community, in its social aggregate capacity.”
With this definition before us, I think there-can be no difficulty in determining the character of the wrong complained of in this case. The appointment to office is (if I may so express it,) one of the prerogatives of the supreme authority of the state ; and it.follows, that any usurpation of it is a public, and not a private wrong, except so far as the individual is affected as one of the community, and that, a public remedy ought to be pursued.
So much for the character of the wrong complained of here„
*37 I will now proceed to consider the character of the remedy resorted to.
The proceeding by information in nature oí a quo war-ranto, so far as the character of the proceeding itself is involved, is no doubt the legal appropriate remedy ; but the objection in this case is, that it proceeds in the name oí an individual, and uot.in the name or by the authority of the state. The same learned author before quoted (4 Black. 312,) in speaking of this proceeding, observes, that it is “generally made use of to try civil rights to franchises, though it is commenced in the same manner as other infor-mations are, by leave of the Court, or at the will of the attorney-general : being properly a criminal prosecution, in order to fine the defendant for his usurpation as well as to oust him from his office ; yet usually considered as merely a civil proceeding.” (Vide also, 3 Bacon's Abr. 635. Tit. Information A.) If then the wrong complained of bo of a public nature, and the remedy also, it follows that the relator ought not to be at liberty to usurp it to serve his individual purposes. The state have selected from among its citizens men distinguished for their learning and integrity, to whom alone is intrusted the conduct of all public prosecutions; and the constitution itself provides, that they shall be carried on in the name, and by the authority of the State ; (3 Art. 2§. State Constitution,) and so far from this being a prosecution of that character, we find the attorney-general, in the ranks of the counsel, opposed to the motion..
It is said, however, that this mode of proceeding was allowed in the case of Hays vs. Harley, (1 Const. Reports, 271.) The answer is, that no objection was made on that ground, and I well remember, that the objection then occurred to some of the members of the Court, but it was thought better to lay hold of that occasion to-decide the important question involved in that case, than to turn the parties around on an objection not going to the merits, especially as the judgment of the Court was hot to affect the incumbent. This argument proves, however, that the *38 court cannot be too circumspect in guarding against deviations from the established mode of pleading: for bj*- passing them over sub silentio, we may establish precedents, the consequences of which we cannot now foresee.
Huntmd Lance, for the motion.
Gadsden, and Hayne, Jttorney-General, contra.
This motion is therefore refused.
Justices Bay, Colcock, Nott, Gantt wad. Huger, concurred,